IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2008 SEP 24  PM 4: 27

| | |
|---|---|
| MARVIN CAMPBELL, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV208-141 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR294-53) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Marvin Campbell ("Campbell"), who is currently incarcerated at the Federal Correctional Complex-Low in Coleman, Florida, filed a Petition for Writ of Audita Querela, which the undersigned converted to a motion to set aside, vacate, or correct his sentence pursuant 28 U.S.C. § 2255. The Government filed a Response, and Campbell filed a Reply. For the reasons which follow, Campbell's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Campbell was convicted after a jury trial of one count of conspiracy to possess with intent to distribute and distribute multi-kilogram quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846, and one count of traveling in interstate commerce in furtherance of that conspiracy, in violation of 18 U.S.C. § 1952(a)(3). The Honorable

Anthony A. Alaimo sentenced Campbell to 420 months' imprisonment on the conspiracy count and 60 months' imprisonment on the travel act count, to be served concurrently.

Campbell filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This Court granted Campbell's motion, and he filed an out-of-time notice of appeal of his convictions and sentence. The Eleventh Circuit Court of Appeals affirmed the judgment of this Court.

Campbell then filed another motion pursuant to section 2255 in which he asserted, *inter alia*, that he was denied the right to have a jury determine every element of the crimes for which he was convicted. This Court dismissed Campbell's motion as time-barred and determined that he was not entitled to relief pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). The Eleventh Circuit denied Campbell a certificate of appealability. Campbell moved for reconsideration of the Court's Order dismissing his § 2255 motion, which was denied.

Campbell filed a motion for sentence reduction pursuant to Amendment 706 of Section 2D1.1 of the United States Sentencing Guidelines. This Court denied that motion, as well as Campbell's motion for reconsideration. The Eleventh Circuit dismissed Campbell's appeal due to failure to pay the applicable filing fee. (Doc. No. 5, pp. 2-4).

In this motion, Campbell contends that, at the time he was sentenced, the Sentencing Guidelines were mandatory, and a court was required to find, by the preponderance of the evidence, drug quantity and other sentencing enhancements. Campbell asserts that the mandatory Sentencing Guidelines have been declared unconstitutional since he was sentenced and that juries, not judges, are required to find

relevant sentencing facts. Campbell alleges that his sentence should be reconsidered since his sentence was based on an unconstitutional sentencing scheme. Campbell cites United States v. Booker, 534 U.S. 220 (2005), as support for his contentions. The Government asserts that Campbell is not entitled to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

The undersigned previously informed Campbell that his petition for writ of audita querela was being considered a section 2255 motion. (Doc. No. 2). Campbell has previously filed § 2255 motions, and the Eleventh Circuit Court of Appeals has denied his application to file a successive § 2255 motion. (Doc. No. 1, p. 3). Campbell has not received authorization from the Eleventh Circuit to proceed with this successive section 2255 motion. Thus, Campbell's petition should be dismissed.

In the alternative, Campbell is not entitled to his requested relief based on having filed a petition for writ of audita querela, 28 U.S.C. § 1651. Because Campbell is collaterally attacking his sentence, the proper avenue of relief is a motion pursuant to section 2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). As noted above, Campbell cannot so proceed without the proper authorization from the Eleventh Circuit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Campbell's motion be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE